UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

OTIS MICHAEL BRIDGEFORTH,

                     Plaintiff,

     -against-                             1:09-CV-1435 (LEK/RFT)

CENTER FOR DISABILITY SERVICES,
JEFF BURKE; MALISSA GREGORY;
and MALISSA BEDFORD,
                         Defendants.

_____

## DECISION and ORDER

## I.    INTRODUCTION

On December 24, 2009, Plaintiff Otis Michael Bridgeforth ("Plaintiff") commenced this

action pursuant to 42 U.S.C. § 1983 *pro se* and *in forma pauperis*.  Dkt. No. 1 ("Complaint").

Plaintiff alleges that he was subjected to unlawful discrimination based on his race in connection

with the termination of his employment with Defendant Center for Disability Services ("Defendant

Center").  See generally id.

Presently before the Court are Defendants' Motion for summary judgment and Defendants'

Letter Motion requesting that the Court treat the Motion for summary judgment as unopposed.  Dkt.

Nos. 63 ("Motion"), 67 ("Letter Motion").  For the reasons stated below, Defendants' Motion and

Letter Motion are both granted, and Plaintiff's claims are dismissed with prejudice.

## II.    BACKGROUND

In his Complaint, Plaintiff alleges that on or around January 3, 2007 he was wrongfully

discharged from his employment with Defendant Center because of his race and was also subjected

to racial slurs.  See Compl. at 6.  Plaintiff had been employed by Defendant Center since November

6, 2006. Dkt. No. 63-3 at 88. Defendants contend that Plaintiff was fired on December 26, 2006 because he had been absent from work without an excuse for three consecutive days. Mot. at 2.

On January 20, 2012, Defendants filed the instant Motion to dismiss, arguing that: (1) Defendants were private actors not acting under color of state law and were therefore not subject to liability under § 1983; (2) any other possible discrimination claims under Title VII of the Civil Rights Act of 1964 that Plaintiff might have intended to bring were time barred; and (3) even if the Court were to construe Plaintiff's Complaint liberally as raising Title VII claims and even if the Court were to conclude that such claims were not time barred, Plaintiff would still be unable to show that he was subjected to unlawful discrimination. See generally id. Defendants also filed a Notice to *pro se* litigant pursuant to Local Rule 56.2, in which Plaintiff was advised of the consequences of his failure to respond to the Motion. Dkt. No. 63-1 ("Notice").

Plaintiff did not respond to the Motion and has made no filings since he filed a Motion to appoint counsel on January 23, 2012 that was subsequently denied. Dkt. Nos. 64, 66. Indeed, even though Plaintiff contacted the Court in February 2012 to report a change of address, and even though Plaintiff was provided with copies of the Motion and other recent documents at the new address, he has still failed to respond to Defendants' Motion. Feb. 15, 2012 Text Entry.

On March 2, 2012, Defendants filed the Instant Letter Motion requesting that – based on Plaintiff's failure to respond – the Court treat Defendants' Motion as unopposed. Letter. Mot. For the reasons that follow, the Court grants both Defendants' Motion and Letter Motion.

## III.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(c).  Although "[f]actual disputes that are irrelevant or

unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d

Cir. 1991).

     The party seeking summary judgment bears the burden of informing the court of the basis

for the motion and of identifying those portions of the record that the moving party claims will

demonstrate the absence of a genuine issue of a material fact.  Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986).  However, if the moving party has shown that there is no genuine dispute as to any

material fact, the burden shifts to the non-moving party to demonstrate "the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial."  Id.  This

requires the non-moving party to do "more than simply show that there is some metaphysical doubt

as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

     At the same time, the Court must resolve all ambiguities and draw all reasonable inferences

in favor of the non-moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150

(2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). The

Court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine

disputes of fact, "not to deciding them."  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224

(2d Cir. 1994).

     In situations in which a motion for summary judgment is unopposed, the Court may not

grant summary judgment unless it determines that the moving party is entitled to judgment as a

matter of law.  See, e.g., Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d

3

Cir. 2004); <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 110 (2d Cir. 2006) ("Even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.") (internal quotation marks omitted).

Finally, "[it] is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." <u>Triestman v. Fed. Bur. of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). The rule favoring liberal construction of pro se submissions is especially applicable to civil rights claims. <u>See</u> <u>Weixel v. Bd. of Ed. of the City of New York</u>, 287 F.3d 138, 146 (2d Cir. 2002).

## IV.    DISCUSSION

### A. Letter Motion

In their Letter Motion, Defendants request that the Court treat Defendants' Motion as unopposed. <u>See generally</u> Letter Mot. The Court is cognizant of the special solicitude that must be afforded to *pro se litigants*. <u>See, e.g.</u>, <u>Tracy v. Freshwater</u>, 623 F.3d 90, 101 (2d Cir. 2010); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). However, "while a *pro se* litigant should ordinarily be afforded a substantial degree of solicitude, the exact degree thereof will depend upon a variety of factors, including, but not necessarily limited to, the specific procedural context and relevant characteristics of the particular litigant." <u>Tracy</u>, 623 F.3d at 103. Here, Plaintiff was provided with the requisite notice of the potential consequences of his failure to respond to Defendants' Motion. <u>Compare</u> Notice, <u>with</u> <u>Champion v. Artuz</u>, 76 F.3d 483, 486 (2d Cir. 1996) (affirming unopposed summary judgment grant where *pro se* plaintiff had similar notice); <u>see also</u> <u>Thompson v. New York City Transit Police</u>, No. 08 CV 3943, 2012 WL 2792931, at *1 (E.D.N.Y. July 09, 2012). Further, it has been over six months since Defendants filed their Motion and over four months since

4

Defendants filed their Letter Motion, and Plaintiff has failed to request an extension or even to contact the Court regarding either pending Motion.  Considering the utter lack of communication and the presence of sufficient notice from Defendants, the Court finds it appropriate to treat the Motion as unopposed and grants Defendants' Letter Motion.  See Champion, 76 F.3d at 486; Thompson, 2012 WL 2792931, at *1.

**B.  Motion for Summary Judgment**

*1.  Claims Under 42 U.S.C. § 1983*

Plaintiff's Complaint, brought under 42 U.S.C. § 1983, alleges deprivations of his civil rights.  See Compl.  In order to sustain a § 1983 action, the Court must determine "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  Where "a defendant's alleged infringement of the plaintiff's constitutional rights satisfies the state-action requirement of the Fourteenth Amendment, the defendant's conduct also constitutes action 'under color of state law' for § 1983's purposes, since it is 'fairly attributable to the State.'"  West v. Atkins, 487 U.S. 42, 42 (1988) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935, 937 (1982)).

The Defendants named in Plaintiff's Complaint are private individuals and a private corporate entity.  Compl.; Mot. at 5.  Furthermore, none of the Defendants were "acting under color of state law," and thus, Plaintiff's claims asserted under 42 U.S.C. § 1983 must fail, since none of the listed Defendants are state actors within the meaning of the Fourteenth Amendment of the United States Constitution.  See Polk County v. Dodson, 454 U.S. 312, 318 (1981).  Plaintiff has alleged no facts and has raised no legal argument contending that these private actors could

somehow be subject to liability under § 1983.  Even if he had, however, such arguments that private

actors should be liable under § 1983 been roundly rejected.  See, e.g., American Mfrs. Mut. Ins. Co.

v. Sullivan, 526 U.S. 40 (1999); Blum v. Yaretsky, 457 U.S. 991, 1002 (1982).  Therefore,

Plaintiff's § 1983 claims against all Defendants are dismissed with prejudice.

> ### 2.  Other Discrimination Claims

> #### a.  Timing

Plaintiff explicitly brought his claims under § 1983 and did not raise arguments relating to

discriminatory discharge under Title VII or any other statutory scheme.  See Compl.  However, even

if the Court were to construe Plaintiff's claims with the utmost liberality and treat them as stating a

case under Title VII, such claims would be time barred.

In order to bring a Title VII discrimination case in federal court, the claim must first be

properly raised within the statutory limitations period for filing a claim with the EEOC.  42 U.S.C. §

2000e-5(e)(1); Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir. 1985).  Under Title VII, a

300-day statute of limitations applies in a "case of an unlawful employment practice with respect to

which the person aggrieved has initially instituted proceedings with a State or local agency with

authority to grant or seek relief from such practice . . . after the alleged unlawful practice occurred."

42 U.S.C.A. § 2000e-5(e)(1).  "The 300-day period, in the case of a discriminatory discharge, starts

running on the date when the employee receives a definite notice of the termination, not upon his

discharge."  Miller, 755 F.2d at 23; see also Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d

Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII . . . a plaintiff must file

administrative charges with the EEOC within 300 days of the alleged discriminatory acts").

In this case, Plaintiff was employed by Defendant Center until either December 26, 2006

(the date provided by Defendants) or January 3, 2007 (the date provided by Plaintiff in his

Complaint).  See Dkt. No. 63-3 at 42 (identifying December 26, 2006 as Plaintiff's termination

date); Compl. at 6.  Regardless of the apparent disparity in dates, however, any hypothetical Title

VII claims arising from Plaintiff's discharge would be time-barred.[1]  Plaintiff has provided no

record of any filings with the EEOC and did not commence this action until December 24, 2009,

over two years after the 300 day EEOC filing deadline.  "Conditions precedent to suit under Title

VII have not been complied with and no excuse has been offered for noncompliance to permit the

court to exercise its equitable jurisdiction to relax or modify compliance with such statutory

prerequisites to suit; hence, plaintiff cannot maintain this action under Title VII."  Baker v. Marriott

Corp., No. 89-CV-470, 1989 WL 74804, at *1 (N.D.N.Y. July 07, 1989) (citing Snell v. Suffolk

County, 782 F.2d 1094, 1100-1102 (2d Cir. 1986); Bradley v. Consolidated Edison Co. of New

York, Inc., 657 F. Supp. 197, 202 (S.D.N.Y. 1987); Hladki v. Jeffrey's Consolidated, Ltd., 652 F.

Supp. 388, 391-394 (E.D.N.Y. 1987); 42 U.S.C. § 2000e–5(f)(1)).

### b.  Merits

Because the Court finds that Defendants' first two arguments – that § 1983 does not apply

and that Title VII claims are time barred – dictate in favor of granting summary judgment, the Court

does not address the merits of Plaintiff's claim for discriminatory discharge.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Letter Motion (Dkt. No. 67) requesting that the Court treat

---

[1]  Because the factual discrepancy between the parties' accounts does not affect the Court's
analysis or the determination of the relevant statute of limitations, it is not a genuine issue of
material fact and does not prevent the Court from granting summary judgment in favor of
Defendants.

their Motion for summary judgment (Dkt. No. 63) as unopposed is **GRANTED**; and it is further

  **ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 63) is **GRANTED**

and that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

  **ORDERED**, that the Clerk serve a copy of this Order on all parties.

  **IT IS SO ORDERED**.


DATED:      August 06, 2012
            Albany, New York


_____
            Lawrence E. Kahn
            U.S. District Judge

8